DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that sentenced appellant to 30 years imprisonment. For the following reasons, this matter is remanded to the trial court for resentencing.
 {¶ 2} On November 5, 2004, appellant was indicted on two counts of kidnapping and two counts of gross sexual imposition in case No. CR-04-3301. On November 12, 2004, appellant was indicted on one count of kidnapping in case No. CR-04-3356. The two cases were consolidated for purposes of trial. On February 17, 2005, appellant entered guilty pleas to the two counts of kidnapping in case No. CR-04-3301. As to the two counts of gross sexual imposition in that case and the single count of kidnapping in case No. CR-04-3356, appellant entered Alford pleas. At the plea hearing, the prosecutor agreed to recommend that the sentences for the two cases run concurrently and that the court not give the maximum penalty on any of the charges. The trial court accepted appellant's pleas and found him guilty of the charges.
 {¶ 3} Appellant's sentencing hearing was held on September 23, 2005. In case No. CR-04-3301, the trial court imposed sentences of ten years for each kidnapping conviction and five years for each gross sexual imposition conviction. The trial court ordered the four sentences to be served consecutively. In case No. CR-04-3356, the trial court imposed a sentence of ten years. This sentence was ordered to be served concurrently with the four sentences in case No. CR-04-3301. All sentences were the maximum allowable under law for the offenses. The trial court noted at sentencing that appellant had violated parole in Georgia and ordered his sentences in Ohio to be served consecutively to any sentence imposed by the state of Georgia for the parole violation. Appellant filed a timely appeal of his sentences.
 {¶ 4} In his first assignment of error, appellant asserts the trial court erred by sentencing him to consecutive terms. We find that this case is impacted by the recent decision of the Supreme Court of Ohio in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, which holds several of Ohio's sentencing statutes unconstitutional for violating the Sixth Amendment to the United States Constitution in the manner set forth in Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296. After a review of the transcript of appellant's sentencing hearing, we find that the trial court referenced statutes deemed void by Foster, which holds that a sentencing court is no longer required to make findings or give its reasons for imposing maximum, consecutive or greater than minimum sentences. Accordingly, this case must be remanded so that appellant can be resentenced by the trial court on the basis of the non-severed sentencing statutes. Accordingly, appellant's first assignment of error is well-taken.[1]
 {¶ 5} In his second assignment of error, appellant asserts his pleas were not entered voluntarily because his sentences exceeded the "plea agreement." In light of our finding as to Assignment of Error No. I and our decision to remand this case for resentencing, appellant's second assignment of error is moot.[2]
 {¶ 6} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed as to sentence only and remanded solely for resentencing in conformity with Foster.
Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Skow, J. Parish, J. concur.
[1] After submitting his appellate brief, appellant filed a "notice of reliance upon recent authority" in which he challenged the trial court's order that his sentences in Ohio be served consecutively to any sentence ordered in the future for his parole violation in Georgia. While we believe appellant's argument may have merit and calls for careful consideration by the sentencing court, it is moot in light of this court's remand for resentencing.
[2] The record before this court reflects that on April 15, 2005, appellant filed a motion to supplement the record with a transcript of a trial court hearing held on October 5, 2005. In his motion, appellant stated that shortly after his appellate brief was filed, the state of Ohio filed in the trial court a "Motion to Vacate Sentence Inconsistent With Plea Agreement." Appellant stated in his motion that the trial court held a hearing and granted the state's motion in part. In our October 28, 2005, order, we denied appellant's motion to supplement the record, finding that appellant was appealing the March 25, 2005, judgment of conviction and that the trial court's proceedings held after the filing of an appeal could not be added to the record. We further note that because appellant's appeal was pending before this court on October 5, 2005, and there was no order remanding or dismissing the matter, the trial court was without jurisdiction to resentence appellant. Therefore, any order issued by the trial court is void and a nullity. See Statev. Taogaga, 8th Dist. No. 79845, 2002-Ohio-5062.